UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHARON ROACH                                               CIVIL ACTION

VERSUS                                                     NO. 19-13114

WALMART, INC.                                              SECTION M (4)

### ORDER & REASONS

Before the Court is a motion by defendant Walmart, Inc. ("Walmart") for summary judgment.[1] Plaintiff Sharon Roach responds in opposition,[2] and Walmart replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion, holding that Roach has not met her summary judgment burden of demonstrating the existence of a contested issue of fact concerning Walmart's lack of actual or constructive notice of the allegedly hazardous condition, *i.e.*, water on the floor from a leaking roof.

**I.    BACKGROUND**

This case involves a slip and fall in a Walmart. On September 18, 2018, Roach was shopping at a Walmart store in Marrero, Louisiana.[4] Roach alleges that, while she was shopping, she slipped on a liquid substance and fell to the floor.[5] She believes that the liquid was water from a leaky roof.[6] Roach claims that she sustained multiple physical, psychological, and economic injuries as a result of the incident.[7] At her deposition, Roach described the accident as follows:

---

[1] R. Doc. 17.
[2] R. Doc. 18.
[3] R. Doc. 25.
[4] R. Doc. 1-1 at 1.
[5] *Id*.
[6] *Id.*
[7] *Id.* at 2.

> I was walking. I was holding the basket. And we was getting ready to turn, to go down the left. We were going to the left. And for some reason my feet slipped from under me.
>
> ….
>
> One [foot] fell in the front of me and one fell – one was bent. My left knee was bent behind me.
>
> ….
>
> And I fell. And when I got up my pants and stuff was wet.[8]

Roach did not see anything wet on the floor before or after she fell, and she did not feel anything wet with her hands or on her skin when she fell.[9] She speculated that her shoes were wet because she slipped.[10] Roach further testified that she heard Walmart employees say that the floor was wet from a roof leak, but she did not look at the ceiling and did not see water on the floor.[11] Roach claims that the water was soaked up by her pants.[12] Roach did not know how long the water might have been on the floor or the last time a Walmart employee inspected the area.[13] Further, Roach's granddaughter, Rayon Roach, testified that the water must have come from the ceiling, but she did not see it falling.[14] Rayon also testified that she heard Walmart employees state that the roof had been leaking.[15]

## II.     PENDING MOTION

Walmart filed the instant motion for summary judgment arguing that Roach cannot meet her burden of proof under La. R.S. 9:2800.6(B), which governs premises liability for merchants.[16] Specifically, Walmart argues that Roach has no evidence that Walmart either created or had actual

---

[8] R. Doc. 17-3 at 46.
[9] *Id.* at 50-52.
[10] *Id.* at 52.
[11] *Id.* at 55-56.
[12] *Id.* at 56-57.
[13] *Id.* at 62 & 74-75.
[14] R. Doc. 17-4 at 40-42.
[15] *Id.* at 39.
[16] R. Doc. 17.

2

or constructive notice of the condition that allegedly caused the accident or that Walmart failed to exercise reasonable care in creating or failing to remedy the allegedly wet floor.[17] Walmart further argues that Roach has no evidence that a Walmart employee, rather than a patron, was responsible for the condition that allegedly caused her accident.[18]

Roach argues that there is a genuine issue of material fact as to whether Walmart had actual or constructive notice of the alleged water on the floor.[19] As to actual notice, Roach argues that there are disputed issues of fact whether unidentified Walmart employees "made statements against interest" that the water on the floor was from a ceiling leak they knew existed because it had been raining all day.[20] Roach contends that the statements are corroborated by a surveillance video supposedly showing Walmart employee "Corey" looking up and gesturing towards the ceiling while talking on a walkie-talkie after the accident, and showing other employees, a half-hour before the accident, pointing above the area where it occurred.[21] Similarly, Roach argues that the Walmart employees' "statements against interest" regarding the leaking roof and the surveillance video showing employees in the area before the accident prove constructive notice.[22] Further, Roach argues that the Walmart employees would have discovered the water if they had exercised reasonable care in cleaning the area.[23]

## II.   LAW & ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

[17] R. Doc. 17-1 at 8-17.
[18] *Id.* at 8-9.
[19] R. Doc. 18 at 8-17.
[20] *Id.* at 8.
[21] *Id.*
[22] *Id.* at 11-12.
[23] *Id.* at 12.

any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656

(2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

**B. Premises Liability**

Section 9:2800.6 of the Louisiana Revised Statutes establishes the burden of proof in claims against merchants and provides in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of h[er] cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. …

La. R.S. 9:2800.6.

Subsection B of § 2800.6 is applicable when a customer falls on a merchant's property. *Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 2000) (citing *Smith v. Toys "R" Us, Inc.*, 754 So. 2d 209 (La. 1999)). Under the statute, a plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). "A claimant may prove constructive notice either by submitting direct evidence of how long the condition existed, or by putting forth circumstantial evidence that demonstrates the condition existed for a sufficient period of time that it would have been discovered if the merchant exercised reasonable care." *Perdomo de Lao v. Sam's Club*, 2020 WL 4432280, at *2 (E.D. La. July 31, 2020) (citing, *inter alia*, *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188, 1191 (La. 1999), and *Lacy v. ABC Ins. Co.*, 712 So. 2d 189, 192 (La. 1998)). The Louisiana Supreme Court has held that a plaintiff who seeks to prove a merchant's constructive knowledge of an allegedly dangerous condition must show with positive evidence that the condition existed for long enough prior to the fall to put the merchant on notice of it. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997). The Fifth Circuit has observed that this "statute places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (internal quotation marks and citations omitted).

Roach has failed to meet her burden of demonstrating that Walmart had actual or constructive notice of the allegedly hazardous condition. To prove notice Roach relies on her and her granddaughter's testimony that they heard Walmart employees say that the roof had been leaking, the surveillance video, and the supposition that Walmart employee Dwayne Howard should have known about the water on the floor if he were following proper cleaning procedures. None of these items is sufficient to sustain Roach's burden on summary judgment of demonstrating a factual issue concerning Walmart's lack of notice of the alleged hazard.

First, the alleged statements of the unidentified Walmart employees are inadmissible hearsay. Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay statements are inadmissible unless otherwise permitted by the Federal Rules of Evidence or other federal statute or rules. Fed. R. Evid. 802. A statement against interest is an exception to the rule against hearsay, but such a statement is admissible only if the declarant is considered to be unavailable for trial because he or she:

> (1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;
>
> (2) refuses to testify about the subject matter despite a court order to do so;
>
> (3) testifies to not remembering the subject matter;
>
> (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or
>
> (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:
> ….
>     (B) the declarant's attendance or testimony … .

Fed. R. Evid. 804(a). Roach has not identified the Walmart employees who allegedly said that the water on the floor came from a leaking roof, much less demonstrated that they are unavailable for trial for one of the enumerated reasons as would make their hearsay statements admissible. Thus,

Roach cannot rely on these statements to overcome summary judgment against her. *See Jackson v. Bd. of Supervisors of La. State Univ.*, 2020 WL 3410895, at *4 (La. App. May 26, 2020) (holding that alleged statement against interest made by unidentified LSU employee was inadmissible to prove constructive notice in a premises liability case).

Second, the surveillance video does not prove constructive notice. The Fifth Circuit has stated that "[m]ere speculation or suggestion is not sufficient to meet [plaintiff's] burden" of establishing constructive notice. *Bagley*, 492 F.3d at 330 (internal quotation marks and citation omitted). And here, Roach's argument regarding the video is mere speculation. According to Roach, the video shows that about 27 minutes before the accident, Walmart employees are looking at the ceiling above the area where the accident subsequently occurred and walking almost to that area. There is no testimony confirming Roach's interpretation of the video that the employees' actions indicated there was a water leak. Further, the video does not show water on the floor where the accident occurred, water leaking from the ceiling, anyone slipping in or avoiding the area where the accident occurred, or anyone trying to clean up water on the floor. Thus, the video is not sufficient evidence to establish an issue of material fact as to Walmart's constructive notice of water on the floor or how long it had been there. *See Perdomo de Lao,* 2020 WL 4432280, at *3 (finding similar video evidence did not establish an issue of material fact as to constructive notice, particularly, how long a substance was on the floor; collecting cases reaching similar results).

Finally, Roach's arguments and summary-judgment evidence that Walmart employees had been in the vicinity of the accident, but failed to follow Walmart's cleaning procedures, do not establish a disputed fact concerning constructive notice. Louisiana's premises-liability statute for merchants provides in relevant part: "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that

8

the employee knew, or in the exercise of reasonable care should have known, of the condition." La. R.S. 9:2800.6(C)(1). Moreover, the failure to follow cleaning procedures does not offer proof of how long a condition may have been on the floor. *Batiste v. United Fire & Cas. Co.*, 241 So. 3d 491, 501 (La. App. 2018). Although the video shows that Walmart employees may have been in the general vicinity of the accident, it does not show a leaking ceiling or water on the floor, much less that any employee noticed a leaking ceiling or water on the floor. There is simply no evidence establishing whether water was on the floor or how long any water may have been on the floor. Thus, Roach has failed to carry her summary-judgment burden.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Walmart's motion for summary judgment (R. Doc. 17) is GRANTED, and Roach's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 13th day of August, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE